UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AARON MOULTRIE,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>RENOWN REGIONAL MEDICAL CENTER,<br><br>　　　　　　　　Defendant. | Case No. 3:21-cv-00264-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Aaron Moultrie brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), recommending the Court grant Moultrie's application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), file the Complaint (ECF No. 1-1), dismiss the Complaint with prejudice, and deny Moultrie's motion for removal of device (ECF No. 3). Plaintiff had until July 1, 2021, to file an objection. To date, no objection to the R&R has been filed. Instead, Moultrie has filed two motions for appointment of counsel (ECF Nos. 6, 9) and two motions related to his medical care (ECF Nos. 7, 10). As explained below, the Court adopts the R&R, grants Moultrie's IFP Application, dismisses Moultrie's claims without prejudice, and denies the remaining pending motions as moot.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Judge Baldwin first recommends the Court grant Moultrie's IFP Application as he has demonstrated he is unable to pay the filing fee. (ECF No. 5 at 1-2.) The Court agrees and will therefore grant the IFP Application.

Judge Baldwin then screened Moultrie's Complaint. (ECF No. 5 at 3-4.) In the Complaint, Moultrie sues Renown Regional Medical Center ("Renown") for implanting a device in his foot, which he alleges can read his thoughts. (ECF No. 1-1 at 2.) Judge Baldwin reasoned that Moultrie did not articulate any claim upon which relief could be granted, and that the Complaint is altogether too vague for the Court to conclude that amendment would cure its deficiencies. (ECF No. 5 at 4.) Judge Baldwin further notes that it is unclear what, if any, claim Moultrie is asserting against Renown, in part because the Complaint is written in a somewhat incoherent narrative form. (*Id.*)

The Court agrees with Judge Baldwin. As stated, the Complaint is unclear and does not state a claim for relief against Renown, much less one that is plausibly pleaded. The Court further agrees with Judge Baldwin that amendment would not cure the Complaint. The Court may dismiss a plaintiff's complaint if it relies on "fanciful factual allegations." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Moultrie alleges that CIA agents have been interfering with his phone calls and have been attempting to prevent him from getting the device removed from his foot and has apparently filed complaints with the Federal Trade Commission, Department of Defense, and other agencies. (ECF No. 1-1 at 11.) The Court determines that these allegations are fanciful, and that permitting Moultrie to amend the Complaint would not lead to the ability to state a claim upon which relief could be granted. Having reviewed the R&R and the record in this case, the Court will adopt the R&R.

However, because it is unclear to the Court what claims, if any, Moultrie is attempting to assert, the dismissal is without prejudice.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Moultrie's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint is dismissed without prejudice, but without leave to amend.

It is further ordered that the remaining pending motions in this case (ECF Nos. 3, 6, 7, 9, 10) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 24th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE